

Electronically Filed
7/30/2021 1:16 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

**CAUSE NO. C-0929-12-F**

| | | |
|---|---|---|
| JOHNNY PARTAIN,<br>*Plaintiff,* | §<br>§<br>§ | IN THE 332nd DISTRICT |
| vs. | §<br>§<br>§ | OF |
| STATE OF TEXAS, and et al.<br>*Defendants.* | §<br>§ | HIDALGO COUNTY, TEXAS |

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/14/2025 3:28:48 PM
CHRISTOPHER A. PRINE
Clerk

## DEFENDANT CAMERON COUNTY'S FIRST AMENDED MOTION TO TRANSFER VENUE, MOTION TO SEVER, ORIGINAL ANSWER, PLEA TO THE JURISDICITON AND MOTION TO DISMISS

DEFENDANT Cameron County, files this its First Amended Motion to Transfer Venue, Motion to Sever, Original Answer, Plea to the Jurisdiction and Motion to Dismiss to Plaintiff Johnny Partain's Third Amended Petition.

### MOTION TO TRANSFER VENUE

1. DEFENDANT Cameron County moves that the court transfer venue to Cameron County. A suit against a Texas county must be brought in the defendant's county. Therefore, the claims against Cameron County as subject to a mandatory venue provision. *See* Texas Civil Practices and Remedies Code Sec. 15.015. COUNTIES. An action against a county shall be brought in that county.

### MOTION TO SEVER

2. DEFENDANT Cameron County moves that the court sever the claims against it so that a transfer of venue to the mandatory venue may be accomplished.

1

## GENERAL DENIAL

3.     DEFENDANT generally denies the allegations in Plaintiff's Third Amended Petition.

## DEFENSES

4.     DEFENDANT asserts lack of jurisdiction, sovereign immunity, governmental immunity, official immunity, judicial immunity, and statutory immunity. The Defendant does not waive any of its immunities.

5.     DEFENDANT asks the court to dismiss Plaintiff's suit because of lack of jurisdiction. DEFENDANT is entitled to sovereign, and/or governmental immunity. In Plaintiff's Third Amended Petition Complaint there is an absence of a proper pleading of a waiver of such immunity under law. The purpose of a plea to the jurisdiction is to dismiss a cause of action without regard to whether the claim has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 47,554 (Tex. 2000). Where immunity has not been waived, the trial court lacks subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

6.     DEFENDANT raises the defense of statute of limitations.

7.     DEFENDANT raises the defense of estoppel.

8.     DEFENDANT raises the defense of laches.

9.     DEFENDANT raises the defense of waiver.

10.     DEFENDANT denies that conditions precedent to suit have been performed, including but not limited to notice of claim.

2

## EXEMPLARY-DAMAGES CAP

11.     If DEFENDANT is found liable for exemplary damages, those damages must be capped under the Texas Damages Act, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

## REQUEST FOR DISCLOSURE

12.     Under Texas Rule of Civil Procedure 194, third-party DEFENDANT requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

13.     DEFENDANT asks the Court to award DEFENDANT all relief to which third-party DEFENDANT is entitled.

Respectfully submitted,

By: /s/ *Juan A. Gonzalez*
Juan A. Gonzalez
Attorney in Charge
Texas State Bar No. 08129310
Southern District No. 3472
juan.gonzalez@co.cameron.tx.us

Daniel N. Lopez
Associate Counsel
Texas State Bar No. 24086699
Southern District No. 3182267
daniel.n.lopez@co.cameron.tx.us

COMMISSIONERS COURT-
CIVIL LEGAL DIVISION
1100 East Monroe Street

Brownsville, Texas  78520
Telephone:  (956) 550-1345
Facsimile:   (956) 550-1348


**CERTIFICATE OF SERVICE**

I, Juan A. Gonzalez, do hereby certify that service of a true and correct copy of the foregoing document will be electronically served upon all counsel via the Automatic Filing System, this 30th day of July, 2021:


*/s/ Juan A. Gonzalez*
Juan A. Gonzalez

4